Dwight G. SAWINSKI, Plaintiff,

v.

BILL CURRIE FORD, INC., a Florida corporation, Defendant.

No. 93–2172–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Oct. 26, 1994.

Michael Joseph Barbone, Baris Lampert, Law Office of Baris Lampert, Jay William Fusco, Jay Fusco, P.A., Tampa, FL, for plaintiff Dwight G. Sawinski.

Robert Arthur Bauman, Morris & Rosen, P.A., Robert E. Morris, Robert A. Morris, P.A., Tampa, FL, for defendant Bill Currie Ford, a Fla. Corp.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH; District Judge.

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 16).

## BACKGROUND

Plaintiff, Dwight Sawinski ("Sawinski"), brings this action against Defendant, Bill Currie Ford, Inc. ("Bill Currie Ford"), pursuant to section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117. The complaint alleges that Bill Currie Ford failed to accommodate his disability, and violated section 102(a) of the ADA when it terminated his employment.

In November 1986, Sawinski underwent surgery for a brain tumor, which resulted in cranial disfigurement, deafness, and an ongoing need for medication. (Amended Complaint, Docket No. 12, at 3). Sawinski returned to work for Bill Currie Ford following the surgery, and resumed his duties as truck salesman. *Id.* Sawinski alleges that Bill Currie Ford failed to provide him with any physical aids to accommodate his disability, and refused to provide for his rest and medical treatment. *Id.* Shortly before Bill Currie Ford terminated his employment, Sawinski alleges that he was informed that his medical treatments and those of his disabled son were so expensive that the company was in danger of losing its health insurance coverage, or of having its health insurance rates dramatically increased. *Id.* In October of 1992, Bill Currie Ford terminated Sawinski's employment. *Id.*

Sawinski alleges in Count I of his Amended Complaint that Bill Currie Ford failed to accommodate his disability, and terminated him because of the disability. *Id.* at 5. In Count II, Sawinski appears to allege that Bill Currie Ford retaliated against him for filing an EEOC charge by interfering with his attempts to find subsequent employment. *Id.* at 8. In Count III, Sawinski alleges an ERISA violation in that Bill Currie Ford terminated his employment to prevent him from receiving health benefits under his employer's health insurance plan. *Id.* at 9.

## STANDARD OF REVIEW

"Dismissal is a harsh penalty that should only be imposed in extreme circumstances...." *Lebbos v. Heinrichs,* 696 F.Supp. 1279, 1285 (N.D.Cal.1988) (citing *Raiford v. Pounds,* 640 F.2d 944, 945 (9th Cir.1981)). "... [D]ismissal should only be granted with care in order to avoid improperly denying plaintiff the opportunity to have her claim adjudicated on the merits." *Cohen v. McAllister,* 688 F.Supp. 1040, 1043 (W.D.Pa.1988).

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b), a court must consider the legal sufficiency of the complaint, not the weight of evidence which might be offered at trial. In order to prevail, the moving party must demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheur v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## DISCUSSION

### A. Count I

Since the Americans with Disabilities Act did not become effective for employers of twenty-five (25) or more employees until July 26, 1992, there is a paucity of cases interpreting the ADA. Therefore, the Court must look to the legislative history of the ADA which clearly indicates that Congress intend-

ed that the terms and regulations issued under the ADA should track those of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (hereinafter "The Rehabilitation Act"). In the Interpretive Guidance on Title I of the ADA, the Equal Employment Opportunity Commission ("EEOC") stated that: "The range of employment decisions covered by this nondiscrimination mandate is to be construed in a manner consistent with the regulations implementing section 504 of the Rehabilitation Act of 1973." *See* 1990 U.S.C.C.A.N., Legislative History P.L. 101–336 [American With Disabilities Act] 267, at 337–366.

■ The Rehabilitation Act of 1973 forbids discrimination against individuals employed by the federal government, government contractors and recipients of federal assistance. In order to make out a claim of discrimination under the Rehabilitation Act, a plaintiff must establish that: (1) he suffers from a handicapping position; (2) that he is qualified for the position in despite his handicap; and (3) that he was terminated from the position solely because of his handicap. *Gallagher v. Catto,* 778 F.Supp. 570, 577 (D.D.C.1991).

The ADA prohibits discrimination against "a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA further defines "discriminate" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the covered entity." 42 U.S.C. § 12112(b)(5)(A).

■ To establish a prima facie case of discriminatory discharge in violation of the ADA, the plaintiff must establish that: (1) he is a "qualified individual with a disability," and (2) he is suffering discrimination "because of that disability."

■ In Count I of his Amended Complaint, Sawinski alleges that he is a "qualified individual with a disability," and that Bill Currie Ford violated the ADA when it failed to provide reasonable accommodations for his disability. (Amended Complaint, Docket No. 12, at 5–6). Sawinski further alleges that Bill Currie Ford terminated his employment because of his disability. *Id.* at 5.

"Disability" is defined under the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual...." 42 U.S.C. § 12102(2)(A). Physical impairment includes any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more bodily systems. 29 C.F.R. § 1630.2. Sawinski's cranial disfigurement and deafness are physical impairments under this definition.

The physical impairment must substantially limit one or more of the major life activities of the individual. Major life activities have been defined to include hearing and working. *Id.* Sawinski alleges that he experienced deafness as a result of his brain surgery. (Amended Complaint, Docket No. 12, at 3). His deafness would qualify as a physical impairment substantially limiting one of his major life activities, that is, Sawinski's hearing.

In order to state a claim for violation of the ADA, Sawinski must establish that he is a "qualified individual with a disability." A qualified individual with a disability as defined by the ADA is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such an individual holds or desires." 42 U.S.C. § 12111(8).

Under *Scheur v. Rhodes,* in ruling on Defendant's motion to dismiss, this Court must view the complaint in the light most favorable to the plaintiff. 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court is required to make all reasonable inferences in favor of the plaintiff. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206–07, 45 L.Ed.2d 343 (1975). Sawinski has established that he is an individual with a disability. He asserts that he has suffered both

cranial disfigurement and deafness as a result of brain surgery. He further asserts that he returned to employment with Bill Currie Ford and worked there for approximately six (6) years before his termination. It would appear to this Court that Sawinski was able "with or without reasonable accommodation" to "perform the essential functions" of his position.

In addition, Sawinski must demonstrate that he is suffering discrimination "because of that disability." Sawinski alleges that he was terminated from his employment because of his disability, and because of the impact of his disability on the Defendant's cost of employee health insurance. These allegations, taken as true, establish that Bill Currie Ford took adverse employment action against Sawinski because of his disability.

Defendant Bill Currie Ford asserts that Count I fails to state a claim upon which relief may be granted. (Motion to Dismiss Amended Complaint, Docket No. 16, at 1). Defendant states that Sawinski did not identify the specific disability on which he bases his charge that Bill Currie Ford violated the ADA, and did not identify the manner in which Bill Currie Ford failed to accommodate his disability. *Id.* Because of these omissions, Bill Currie Ford asserts that it cannot adequately respond to Count I of the Amended Complaint. *Id.*

■ The sufficiency of a claim is tested under a Rule 56 motion for summary judgment. A Rule 12 motion to dismiss for failure to state a claim does not rise to this level of scrutiny. In *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), the Supreme Court held that:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence, either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Therefore, a Rule 12 motion to dismiss looks to the drafting of the complaint as described in Rule 8 of the Federal Rules of Civil Procedure. "To merit dismissal, the plaintiff's pleading must fail to meet the liberal requirements for pleading a claim set forth in Rule 8(a) which calls for a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cohen v. McAllister,* 688 F.Supp. 1040, 1043 (W.D.Pa. 1988).

"A motion to dismiss tests the form and sufficiency of a complaint and other pleadings. When addressing a motion to dismiss, the Court must keep in mind that the Federal Rules of Civil Procedure require only notice pleading, and that all pleadings, therefore, should be read liberally." *Carey v. Maine School Administrative Dist. No. 17,* 754 F.Supp. 906 (D.Me.1990). For purposes of a motion to dismiss, the Court must take the assertions of the complaint as true.

This Court disagrees with Defendant's assertion that Count I fails to state a claim upon which relief may be granted. Sawinski has provided a "short and plain statement of the claim" showing that he is entitled to relief. For purposes of Defendant's Motion to Dismiss, Plaintiff's Count I of the complaint is a sufficient statement as to the allegation of disability-based discrimination under the American's with Disabilities Act.

This Court is also mindful that the Federal Rules of Civil Procedure require only notice pleading. Construing the pleadings liberally, this Court finds that Plaintiff Sawinski has provided adequate notice in his Amended Complaint such that Bill Currie Ford may draft a responsive pleading. Therefore, Defendant's Motion to Dismiss as to Count I of Plaintiff's Amended Complaint is DENIED.

**B. Count II**

This Court agrees that Count II of the Amended Complaint is confusing and lacks adequate specificity. Therefore, Defendant's Motion to Dismiss as to Count II of the Amended Complaint is GRANTED, Count II of Plaintiff's Amended Complaint is dismissed, without prejudice, and with leave to amend.

### C. Count III

■ Count III is based upon an ERISA claim. Plaintiff alleges that his termination from employment by Bill Currie Ford was pretextual for the purpose of interfering with his rights to benefits under an employee benefit plan. (Amended Complaint, Docket No. 12, at 9).

Bill Currie Ford asserts that it cannot frame a responsive pleading to Count III because Sawinski did not attach a copy of the employee benefits plan to his Amended Complaint. (Motion to Dismiss Amended Complaint, Docket No. 16, at 5). Therefore, Defendant reasons, Count III of Sawinski's Amended Complaint should be dismissed by this Court. *Id.* This Court finds this assertion without merit.

■ In paragraph 45 of his Amended Complaint, Plaintiff refers to the Plan as the "Bill Currie Ford, Inc. Employee Benefits Plan." (Amended Complaint, Docket No. 12, at 9). In paragraph 46, Plaintiff asserts that Bill Currie Ford maintains a comprehensive health insurance plan for all of its permanent full-time employees, and that this plan is an employee welfare benefit plan within the meaning of ERISA. *Id.* An "employee welfare benefit plan" will be subject to ERISA standards if it is established or maintained by an employer engaged in commerce. *Donovan v. Dillingham,* 688 F.2d 1367, 1370 (11th Cir.1982). ERISA § 3(1), 29 U.S.C. § 1002(1), defines an "employee welfare benefit plan" as:

[A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or its beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability....

*Dillingham,* 688 F.2d. at 1371. ERISA does not require an employee welfare benefit plan to be in the form of a written instrument, documenting the existence of the qualifying plan. *Id.* at 1372. "Since the purpose of ERISA is to safeguard the well-being and security of working men and women and to apprise them of their rights and obligations under any employee benefit plan ... it would be incongruous for persons establishing or maintaining informal or unwritten employee benefit plans ... to circumvent the Act merely because an administrator ... failed to satisfy reporting ... standards." *Id.*

There are adequate factual allegations in Sawinski's Amended Complaint for this Court to conclude that the health insurance benefits provided by Bill Currie Ford to its employees were provided under a qualifying employee welfare benefit plan. Furthermore, as the plan administrator, this Court believes that Bill Currie Ford should have a copy of the plan readily available to help it frame a responsive pleading to Count III of the Amended Complaint.

This Court does not see why Defendant Bill Currie Ford cannot frame a responsive pleading to Count III without Plaintiff providing Defendant with a copy of Defendant's own employee benefit plan. Therefore, Defendant's Motion to Dismiss as to Count III of the Amended Complaint is DENIED.

The Court draws the parties' attention to the purpose of the Federal Rules of Civil Procedure, which is "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Congress recently amended and liberalized the Rules in an effort to get litigants before the Court without the expenditure of large sums of time and money. Congress intended to broaden the Court's discretion and to eliminate the gamesmanship that has been so prevalent in recent years. This Court again warns both parties that it will not hesitate to *sua sponte* impose Rule 11 sanctions for frivolous motions. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Docket No. 16) be **DENIED** as to Counts I and III, and **GRANTED** without prejudice as to Count II, and Plaintiff **shall have** ten (10) days from the date of this order to file an amended complaint.

**DONE and ORDERED.**