Donald WEST, Plaintiff,

v.

RUSSELL CORPORATION, Defendant.

Civ. A. No. CV–94–A–852–E.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 16, 1994.

Donald West, pro se.

Chris Mitchell, Thomas A. Davis, Birmingham, AL, for defendant.

## MEMORANDUM OPINION

## I. INTRODUCTION

ALBRITTON, District Judge.

This cause is before the court on Defendant's Motion for Summary Judgment, filed on October 17, 1994.

Plaintiff, Donald West ("West"), filed a complaint in the U.S. District Court for the Middle District of Alabama on July 11, 1994. In his Complaint, West alleges that the defendant Russell Corporation ("Russell") discriminated against him because of a disability in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12102 *et seq.* Specifically, West alleges that Russell failed to hire him because of his hemophilia and the limitations he has as a result of the disease. Defendant Russell denied that it discriminated against West based on a disability or a perceived disability, claiming that they had hired another individual for legitimate non-discriminatory reasons.

For the reasons set forth below, the court finds that Defendant's Motion for Summary Judgment is due to be GRANTED.

## II. FACTS

In deciding this motion for Summary Judgment, the court has carefully examined all submissions by the parties and has construed them in a light most favorable to the plaintiff.

Plaintiff has hemophilia, a disorder that affects blood clotting. Although hemophilia is treatable today, because medication was not available when West was younger, the hemophilia caused damage to his joints. As a result, Mr. West walks with a limp and is somewhat restricted in the use of his arms.

West applied for an electronics position with Russell, a textile manufacturer, on March 25, 1993. West holds a two year degree in electronics from Opelika State Technical College and has experience in electronics. Most of his experience appears to be in television and VCR repair. On April 15, 1993, West interviewed for an available position with Russell. This interview was conducted by Johnny Hardman, Industrial Relations Manager ("Hardman") and Jimmy Brock, Area Employee Relations Manager ("Brock"). On that date, West also met with Richard Thornton, Supervisor ("Thornton"). At some point during the interviews, according to West, there was discussion of his limitations. Specifically West alleges that he was asked if he could climb a ladder, to which he responded that he could not.

Some time later, Russell hired Steve Harris ("Harris"), who was at that time employed by Russell in another capacity, for the electronics position. Harris also holds a two year degree in electronics from Opelika State Technical College. Before his employment with Russell, he also had ten years' experience as an electronics specialist at a large industrial corporation.

## III. STANDARD FOR SUMMARY JUDGMENT

According to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is only appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the

initial burden of demonstrating to the court the basis for the motion and identifying those portions of the pleadings and evidentiary submissions which show an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d 913, 918 (11th Cir.1993). If the ultimate burden of persuasion at trial rests on the non-movant, the party seeking summary judgment can meet this standard either by demonstrating that the non-movant's evidence is not sufficient to establish an essential element of his or her claim, or by submitting affirmative evidence that negates an essential element of the claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The burden then shifts to the non-movant to establish the existence of an essential element to the claims, and on which they bears the burden of proof at trial. *Id.* To satisfy this burden, the non-movant cannot rest on the pleadings, but must by affidavit or other appropriate means, set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

■ In deciding a motion for summary judgment, the court must determine whether there exists genuine, material issues of fact to be tried. If there are not, the movant is entitled to a judgment as a matter of law. *See Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir.1987). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Hairston,* 9 F.3d at 919 (citations omitted). It is the substantive law that identifies those facts which are material on motions for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). *See also DeLong Equip. Co. v. Washington Mills Abrasive Co.,* 887 F.2d 1499, 1505 (11th Cir.1989).

■ All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the non-movant. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir.1990). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The movant bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983). *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). When the court considers a motion for summary judgment, it must avoid weighing conflicting evidence, making credibility determinations and deciding material factual issues. *Hairston,* 9 F.3d at 919. In the case of an employment discrimination claim, which often requires ascribing motive or intent to a party, the court acknowledges from the outset that decisions in this circuit have expressed some hesitation in granting summary judgment. *See, e.g., Batey v. Stone,* 24 F.3d 1330 (11th Cir.1994). With these rules and principles of law in mind, the court will determine whether summary judgment is appropriate or whether there exist genuine issues of material fact necessitating a trial.

## IV. ADA ANALYSIS

The ADA prohibits discrimination in private employment against those who are disabled, or who are perceived as disabled. 42 U.S.C. § 12102, *et seq.* In order to be covered under the ADA, an individual must show that he suffers an impairment that substantially limits a major life activity. 42 U.S.C. § 12102(2). However, this alone is not enough. The Act protects only individuals who are "qualified" persons with a disability. 42 U.S.C. § 12112(a). A plaintiff must also show that he was otherwise qualified for the position.

The ADA is fairly recent law, having come into effect in 1992. Because of this, as another court in this circuit recently noted, "[T]here is a paucity of cases interpreting the ADA." *Sawinski v. Bill Currie Ford, Inc.,* 866 F.Supp. 1383, 1385 (M.D.Fla.1994). Generally, though, federal courts have applied the settled principles of employment discrimination law to the ADA. *Id. See also, Flasza v. Holland Motor Exp., Inc.,* No. 93–C–7315, 1994 WL 529392, *3 (N.D.Ill. Sept. 27, 1994); *Doe v. Kohn Nast & Graf, P.C.,* 862 F.Supp. 1310, 1317–18 (E.D.Pa.1994); *May-*

berry v. Von Valtier, 843 F.Supp. 1160, 1166 (E.D.Mich.1994); Harmer v. Virginia Electric and Power Co., 831 F.Supp. 1300, 1308 (E.D.Va.1993); Peterson By and Through Peterson v. Hastings Public Schools, 831 F.Supp. 742, 753 (D.Ne.1993), aff'd 31 F.3d 705 (8th Cir.1994). But see, Hedberg v. Indiana Bell Telephone Co., Inc., No. IP 93–1344–C, 1994 WL 228184, *6–*7 (questioning application of Title VII burden shifting analysis to cases arising under ADA).

This court will analyze a claim of discrimination because of disability in the same manner as cases involving other forms of discrimination.

■ Under employment discrimination law, a plaintiff can establish a claim in two manners. First, he may present direct evidence of discrimination. Flasza, 1994 WL 529392, *3 (N.D.Ill. Sept. 27, 1994). Direct evidence usually takes the form of statements made by an employer that evidence discrimination based on, in this case, disability. In most cases, however, direct evidence is not available. Perryman v. Johnson Products Co., Inc., 698 F.2d 1138, 1141 (11th Cir.1983). The alternative method of establishing a claim in employment discrimination cases involves the use of indirect evidence. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); McDonnell Douglas v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668; Morgan v. City of Jasper, 959 F.2d 1542, 1547 (11th Cir.1992). According to the framework laid out in McDonnell Douglas, a plaintiff must first establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. In the case of the ADA, a plaintiff establishes the prima facie case by showing that: 1) he suffers from a disability; 2) there was a position available for which he was qualified; 3) the position was given to a person who was not disabled. Flasza, 1994 WL 529392, *3 (N.D.Ill. Sept. 27, 1994).

■ Once the plaintiff establishes a prima facie case, the burden then shifts to the employer to rebut it by articulating clearly and specifically a legitimate, nondiscrimi-natory reason for its adverse employment action. Burdine, 450 U.S. at 254, 101 S.Ct. at 1094; McDonnell Douglas, 411 U.S. at 803, 93 S.Ct. at 1824–25; Morgan, 959 F.2d at 1547. This is a burden of production, not persuasion. Burdine, 450 U.S. at 254–55, 101 S.Ct. at 1094–95. The defendant need not at this stage prove that the reason alleged was the actual reason, he must simply allege it. St. Mary's Honor Center v. Hicks, —— U.S. ——, ——, 113 S.Ct. 2742, 2748, 125 L.Ed.2d 407 (1993); Perryman, 698 F.2d at 1142. Once the employer articulates a non-discriminatory reason for the employment decision, the burden shifts back to the plaintiff to present some evidence to create an issue of fact as to whether the proffered reason was pretextual and the employer was in fact motivated by a discriminatory intent. Burdine, 450 U.S. at 256, 101 S.Ct. at 1095; Morgan, 959 F.2d at 1548.

■ Under the McDonnell Douglas standard, it is not completely clear the plaintiff has established a prima facie case. As previously stated, West must show that he is a qualified person under the ADA, that there was a job, and that the job was given to another person who is not disabled. There is some dispute as to whether West is disabled as that term is defined in the ADA and whether those at Russell who dealt with West knew of his hemophilia and attendant limitations. However, it appears that West was asked during his interview whether or not he could climb a ladder. It also appears that Russell acknowledges that West walks with a limp. There is some evidence that West is perhaps not impaired in many of the activities that we may consider major life activities, such as cooking and playing with his children. The court will assume, however, for the purposes of this motion, that the limitations West does have because of his hemophilia qualify him as a protected individual under the ADA and that Russell knew of these limitations. The court will also assume that West was otherwise qualified for the position, as this does not appear to be a matter of contention.

That established, there is no dispute as to the remaining elements of the prima facie

case. There is no question that there was a job available, that West was not chosen for that job, and that it was filled by a person who is not disabled. Therefore, construing all the evidence in a light most favorable to the plaintiff, the court finds that West has indeed made out a prima facie case under the ADA.

Russell, however, has clearly met its burden under *McDonnell Douglas* to come forward with a legitimate, non-discriminatory reason for the employment decision to rebut the plaintiff's prima facie case. Russell has stated that it believed Harris to be more qualified for the available position. Although the two candidates (West and Harris) hold degrees in the same program from the same school, Russell points to the fact that Harris has ten years of experience as an electronics specialist with a large industrial corporation. In contrast, according to Russell, most of West's experience is with small electronics and home repair. Even assuming that the two men were equally qualified, Russell also maintains that the fact that Harris was already an employee of Russell played a part in their decision and that Harris was given some extra consideration because of his status as a current employee. This is clearly a legitimate basis for an employer to make such a decision.

Having met its burden, the court returns to West, who must go beyond his pleadings and present some evidence that would show that there exists a question of fact as to the truth of the employer's proffered explanation. In this case, the plaintiff has failed to submit any evidence that could lead the court to find that a question of fact does indeed exist. West has not come forward with anything other than his own allegations that he was discriminated against because of his disability. As stated above, standing alone these are not enough to save the plaintiff's claim from a motion for summary judgment. The ADA does not create a job preference for persons suffering from disabilities; it prohibits discrimination against persons because of disabilities. There is simply no evidence here that Russell gave the job to a person other than West because West was disabled.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is due to be GRANTED. A separate order will be entered in accordance with this Memorandum Opinion.