Dwight G. SAWINSKI, Plaintiff,

v.

BILL CURRIE FORD, INC., a Florida
corporation, Defendant.

No. 93–2172–CIV–T–17A.

United States District Court,
M.D. Florida.
Tampa Division.

April 13, 1995.

Michael Joseph Barbone, Law Office of Michael J. Barbone, Baris Lampert, Law Office of Baris Lampert, Tampa, FL, Jay William Fusco, Jay Fusco, P.A., St. Petersburg, FL, for plaintiff.

Robert Arthur Bauman, Robert E. Morris, Rosen & Osborne, P.A. & The Morris Law Firm, Tampa, FL, for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendant's Motion for Entry of Summary Judgment in Favor of Defendant, Bill Currie Ford, Inc. (Docket No. 31) and Plaintiff's response thereto (Docket No. 38).

## BACKGROUND

For purposes of this Order, the background of this case is adopted from the previous Order issued by this Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383 (M.D.Fla.1994).[1]

Plaintiff, Dwight Sawinski ("Sawinski"), brings this action against, Bill Currie Ford, Inc. ("Bill Currie Ford"), pursuant to section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117. The complaint alleges that Bill Currie Ford failed to accommodate his disability, and violated section 102(a) of the ADA when it terminated his employment.

In November 1986, Sawinski underwent surgery for a brain tumor, which resulted in cranial disfigurement, deafness, and an ongoing need for medication. (Amended Complaint, Docket No. 12, at 3). Sawinski returned to work for Bill Currie Ford following the surgery, and resumed as truck salesman. *Id.* Sawinski alleges that Bill Currie Ford failed to provide him with any physical aids to accommodate his disability, and refused to provide for his rest and medical treatment. *Id.* Shortly before Bill Currie Ford terminated his employment, Sawinski alleges that he was in-

---

**1.** This Court dismissed Count II of Plaintiff's    Amended Complaint in that order.

formed that his medical treatments and those of his disabled son were so expensive that the company was in danger of losing its health insurance coverage, or of having its health insurance rates dramatically increased. *Id.* In October of 1992, Bill Currie Ford terminated Sawinski's employment. *Id.*

Sawinski alleges in Count I of his Amended Complaint that Bill Currie Ford failed to accommodate his disability, and terminated him because of the disability. *Id.* at 5. In Count II, Sawinski appears to allege that Bill Currie Ford retaliated against him for filing an EEOC charge by interfering with his attempts to find subsequent employment. *Id.* at 8. In Count III, Sawinski alleges an ERISA violation in that Bill Currie Ford terminated his employment to prevent him from receiving health benefits under his employer's health insurance plan. *Id.* at 9.

## STANDARD OF REVIEW

■ This circuit clearly holds summary judgment is only entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of the non-moving party. *Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994 (5th Cir.1979). Factual disputes preclude summary judgment.

The Eleventh Circuit Court of Appeals has held that the moving party bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which that party believes show an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Publishing,* 9 F.3d 913, 918 (11th Cir. 1993). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 606 (11th Cir.1991).

## DISCUSSION

### A. Count I

■ The ADA prohibits discrimination by a covered entity against "a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). In order for a plaintiff to establish a prima facie case of discrimination in violation of the ADA, the plaintiff must prove that: (1) he has a "disability"; (2) he is a "qualified individual"; and, (3) his discrimination was the result of an unlawful "discrimination" based on his disability. *Tyndall v. National Educ. Ctrs.,* 31 F.3d 209, 212 (4th Cir.1994).

■ "Disability" is defined under the ADA as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual...." 42 U.S.C. § 12102(2)(A). In the previous Order on Defendant's Motion to Dismiss, this Court held that "[p]hysical impairment includes any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more bodily systems." *Sawinski,* 866 F.Supp. at 1386 (citing 29 C.F.R. § 1630.2). The Court then decided that Sawinski's cranial disfigurement and deafness were physical impairments under this definition. *Id.*

Also in that Order, this Court noted that hearing and working have been defined as major life activities. *Id.* Sawinski's physical impairments affect his hearing and working and, thus, affect major life activities. Bill Currie Ford agrees that Sawinski has certain disabilities, namely hearing loss, cranial disfigurement, and memory loss. (Memorandum of Law in Support of Motion for Entry of Summary Judgment in Favor of Defendant, Bill Currie Ford, Inc., Docket No. 32, at 8–9). Therefore, Sawinski clearly has "disabilities" within the meaning of the ADA.

■ Next, Bill Currie Ford claims that Sawinski is not a "qualified individual with a disability." *Id.* at 10–13. The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can per-

form the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The Supreme Court has interpreted this requirement to mean that a "qualified individual" must be able to meet the job's requirements despite his disability. *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). "Plaintiff bears the burden of demonstrating that [he] could perform the essential functions of [his] job with reasonable accommodation." *Tyndall*, 31 F.3d at 213.

Bill Currie Ford does not dispute that Sawinski could perform his job duties in the first two (2) years following his brain tumor operation when he earned nearly $100,000.00 each year. (Memorandum of Law, Docket No. 32, at 10). However, after those two (2) years, Bill Currie Ford claims that Sawinski was late for work on seven occasions and missed work on one occasion. (Affidavit of Jerry Sheppard, Docket No. 34, at 4). Bill Currie Ford alleges that because Sawinski could not meet the attendance requirements of his job, he cannot be considered a "qualified individual." (Memorandum of Law, Docket No. 32, at 10–11).

In his deposition, Sawinski admitted that he was late on several occasions because of his disabled son's illness and that he missed work because he was assisting his family in moving. (Deposition of Dwight G. Sawinski, Docket No. 38, at 47–50, 105–08). However, the Fourth Circuit has held that an employer is not obligated to accommodate through scheduling modifications absences caused by a personal need to tend to a child's disability. *Tyndall*, 31 F.3d at 214 (citing 29 C.F.R. § 1630, app.). Nevertheless, this Court cannot as a matter of law find that Sawinski could not meet the essential requirements of his job just because he was late for work on seven occasions in over twelve (12) years and that he missed work once.

Bill Currie Ford cites *Tyndall* for the proposition that if an employee cannot meet the attendance requirements of his job, he cannot be considered a "qualified individual" protected by the ADA. *Tyndall*, 31 F.3d at 213. *See also Jackson v. Veterans Admin.*, 22 F.3d 277, 278–79 (11th Cir.1994) (holding that in addition to being able to perform his job, a plaintiff "must be willing and able to demonstrate [those] skills by coming to work on a regular basis"). In *Tyndall*, the court awarded summary judgment to the employer, finding that the employee was not a qualified individual due to the fact that the employee could not meet the attendance requirements for the job. However, in *Tyndall*, despite the need for regular attendance, the employee missed almost forty (40) days of work during a seven (7) month period. *Id.* In this case, Sawinski worked at Bill Currie Ford from June 23, 1980 until his termination on October 16, 1992. Bill Currie Ford has alleged that, during 1992, Sawinski missed one (1) day of work and was late seven (7) times. Clearly, the work missed by Sawinski did not rise to the level of the work missed by the employee in *Tyndall*. Therefore, there is a genuine issue of material fact whether Sawinski could perform the essential functions of the job even though he missed some work.

■ Bill Currie Ford also argues that even if Sawinski is a "qualified individual," he has failed to show that the Bill Currie Ford discriminated against him. (Memorandum of Law, Docket No. 32, at 11). Bill Currie Ford alleges that Sawinski has not claimed that Bill Currie Ford failed to accommodate Sawinski's known disabilities. *Id.* at 12. The ADA defines the term "discriminate" to include "not making reasonable accommodations to the *known* physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A) (emphasis added).

■ In this case, Sawinski has alleged that Bill Currie Ford failed to accommodate his cranial disfigurement, deafness, and memory loss. (Amended Complaint, Docket No. 12, at 5–6). Bill Currie Ford acknowledges that it did not permit Sawinski to wear a hat to cover his cranial disfigurement, but claims that it did accommodate Sawinski's hearing and memory loss. (Memorandum of Law, Docket No. 32, at 8–9). The reasonableness

of a proposed accommodation is a question of fact which ordinarily should be decided by a jury. *Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 833 (4th Cir.1994). Genuine issues of material fact remain concerning whether Bill Currie Ford reasonably accommodated Sawinski's disabilities.

Bill Currie Ford has not satisfied its burden of showing the absence of genuine issues of material fact relating to requisite elements of Sawinski's ADA claim. Therefore, Bill Currie Ford's Motion for Entry of Summary Judgment as to Sawinski's ADA claim will be denied.

**B. Count III**

Count III of Sawinski's Amended Complaint is based upon ERISA, 29 U.S.C. § 1001 et seq, particularly, 29 U.S.C. § 1140. (Amended Complaint, Docket No. 12, at 9). Sawinski alleges that his discharge was pretextual with the purpose of interfering with continuing rights to which he was entitled under an employee benefit plan. *Id.*

■ Bill Currie Ford asserts that Sawinski should be denied recovery under ERISA because Sawinski has failed to show that Bill Currie Ford's health plan was a plan subject to ERISA. (Memorandum of Law, Docket No. 32, at 13). In support, Bill Currie Ford states that Sawinski, in his Amended Complaint, claims that Bill Currie Ford is "plan sponsor" and "plan administrator." *Id.* However, Bill Currie Ford claims that it is not the "plan administrator" and that it is "plan sponsor" in name only. *Id.*

Section 510 of ERISA provides:

It shall be unlawful for any person to discharge ... or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....

29 U.S.C. § 1140 (1995).

■ Under § 1140, "[a] plaintiff must show that the employer had the specific intent to interfere with the employee's right to benefits." *Seaman v. Arvida Realty Sales*,

985 F.2d 543, 546 (11th Cir.1993). "This standard does not require the plaintiff to show that interference with ERISA rights was the sole reason for discharge but does require plaintiff to show more than the incidental loss of benefits as a result of a discharge." *Id.* In this case, Sawinski has alleged that Bill Currie Ford intentionally interfered with his right to obtain continued health benefits. Bill Currie Ford has not shown an absence of a genuine issue of material fact concerning its alleged interference with Sawinski's health benefits.

■ Bill Currie Ford does allege that Sawinski has failed to show that its health plan was a plan subject to ERISA. (Memorandum of Law, Docket No. 32, at 13). An "employee welfare benefit plan" will be subject to ERISA standards if it is established or maintained by an employer engaged in commerce. *Donovan v. Dillingham*, 688 F.2d 1367, 1370 (11th Cir.1982). Clearly, Bill Currie Ford is an employer engaged in commerce. Thus, the question is whether Bill Currie Ford's health plan is an "employee welfare benefit plan."

An "employee welfare benefit plan" is defined as any plan "established or maintained by an employer ... to the extent that such plan ... was established or is maintained for the purpose of providing for its participants or their beneficiaries ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...." 29 U.S.C. § 1002(1). Bill Currie Ford has not alleged that it did not establish or maintain its benefit plan. Therefore, there is a genuine issue of material fact concerning whether Bill Currie Ford's health plan was an "employee welfare benefit plan."

■ The next issue is whether Bill Currie Ford is a "plan sponsor" or "plan administrator." Under ERISA, the term "administrator" is defined as a plan sponsor if an administrator is not designated in the instrument under which the plan is operated. 29 U.S.C. § 1002(16)(A)(ii). Section 1002 defines "plan sponsor" as the employer in the case of an employee benefit plan established or maintained by a single employer. 29 U.S.C.

§ 1002(16)(B)(i). Bill Currie Ford has alleged that it is "plan sponsor" in name only. However, Bill Currie Ford has not shown that it did not establish or maintain an employee benefit plan. Thus, a genuine issue of material fact remains concerning whether Bill Currie Ford is a "plan administrator" or "plan sponsor" because it has not shown that it did not establish or maintain an employee benefit plan.

Bill Currie Ford has not satisfied its burden of showing the absence of genuine issues of material fact relating to requisite elements of Sawinski's ERISA claim. Therefore, Bill Currie Ford's Motion for Entry of Summary Judgment as to Sawinski's ERISA claim will be denied.

■ Bill Currie Ford also notes that Sawinski demands a jury trial and that ERISA claims are not subject to jury trials. (Memorandum of Law, Docket No. 32, at 14). It is clear in the Eleventh Circuit that ERISA does not entitle a plaintiff to a jury trial. *Henley v. Lokey Oldsmobile–Countryside, Inc.,* 817 F.Supp. 942, 944 (M.D.Fla. 1993) (citing *Howard v. Parisian,* 807 F.2d 1560, 1567 (11th Cir.1986); *Chilton v. Savannah Foods & Indus., Inc.,* 814 F.2d 620, 623 (11th Cir.1987). Therefore, Sawinski's demand for jury trial on its ERISA claim is denied. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment in Favor of Defendant, Bill Currie Ford, Inc. (Docket No. 31) be denied and the Demand for Jury Trial by Plaintiff, Dwight G. Sawinski, be denied, only as it pertains to Plaintiff's ERISA claim.

**DONE and ORDERED.**