**GREAT–WEST LIFE & ANNUITY INSURANCE COMPANY and Royals, Inc. Plaintiffs,**

**v.**

**John SMITH, Stuart E. Goldenberg, and Lichtblau & Goldenberg, P.A. Defendants.**

No. 2:00CV273–FTM–29DNF.

United States District Court,
M.D. Florida,
Fort Myers Division.

Jan. 4, 2002.

Raymond Sandias Castro, Raymond S. Castro, Raymond S. Castro, P.A., Tampa, FL, Thomas H. Lawrence, John M. Russell, Lawrence & Russell, LLP, Memphis, TN, for Great West Life & Annuity Insurance Company, Royals, Inc., plaintiffs.

John Smith, Clewiston, FL, Pro se.

John Vincent Tucker, Anderson & Tucker, St. Petersburg, FL, for Stuart E. Goldenberg, Lichtblau & Goldenberg, P.A., defendants.

## ORDER

STEELE, District Judge.

This matter comes before the Court on Defendants, Stuart E. Goldenberg's and Lichtblau & Goldenberg, P.A.'s Motion to Dismiss (Doc. # 37), filed on August 29, 2001. Plaintiffs' Response (Doc. # 39) was filed on September 17, 2001.

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. *Hughes v. United States,* 110 F.3d 765, 767 (11th Cir. 1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir.1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. *Sawinski v. Bill Currie Ford, Inc.,* 866 F.Supp. 1383, 1385 (M.D.Fla.1994) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *Marsh v. Butler County, Alabama,* 268 F.3d 1014, 1022 (11th Cir.2001) (en banc). Federal Rule of Civil Procedure 8 requires only that plaintiff set forth a short and plain statement of the claim that will give defendant fair notice of the claim and the grounds upon which it rests. *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. 99. However, dismissal is warranted under Fed. R.Civ.P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Brown v. Crawford County, Ga.,* 960 F.2d at 1009–10.

As set forth in the Amended Complaint (Doc. # 29)[1], defendant John Smith (Smith) is an employee of plaintiff Royals, Inc. who elected to participate in an employer-sponsored health and welfare plan (the Plan) which is covered by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA). In Octo-

---

1. Plaintiff has also filed a First Amended Complaint (Doc. # 30), which appears to be identical to the Amended Complaint (Doc. # 29). Accordingly, the First Amended Complaint will be stricken.

ber, 1997, Smith was injured in an automobile accident. As a result of his injuries, the Plan paid over $51,000 in medical benefits on Smith's behalf. Smith retained Stuart Goldenberg and the law firm of Lichtblau & Goldenberg, P.A. (collectively the law firm) for a tort action against a third party responsible for Smith's injuries. Through the law firm's efforts a settlement in excess of $51,000 was obtained. The Plan has a subrogation and right of recovery provision which created a first lien upon any recovery, including settlement, that a Covered Person received from certain Other Parties. Despite the law firm's knowledge of the subrogation and right of recovery provision, the settlement proceeds were disbursed to Smith, and all defendants have refused to reimburse the Plan for the medical expenses pursuant to its first lien on the settlement proceeds. Plaintiff Great–Western Life & Annuity Insurance Company (Great Western) is the assignee of the Plan for collection purposes.

Plaintiffs bring three counts against the law firm. First, plaintiffs seek equitable relief pursuant to § 1132(a)(3) of ERISA on the ground that the failure to reimburse the Plan with the settlement proceeds violated the express provisions of the Plan. Second, the law firm is accused of tortuous interference with contractual relations, i.e., the Plan's contractual relationship with Smith regarding reimbursement of the medical benefits through the settlement proceeds. Third, the law firm is accused of conversion of the portion of the settlement proceeds to which the Plan had a first lien.

The law firm maintains that the case is governed by ERISA, that ERISA preempts the state law claims in the Amended Complaint, and that ERISA itself provides no remedies against the law firm. The Court agrees with the first two points, but not the third.

The first count against the law firm, Count IV, seeks to enforce the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3). The provision provides that "A civil action may be brought—... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; ..." The law firm essentially asserts that it is an improper defendant, and is not subject to suit or judgment, because it had no connection to the Plan. While the law firm is correct that it cannot be considered an ERISA fiduciary, *Chapman v. Klemick*, 3 F.3d 1508 (11th Cir.1993), a cause of action pursuant to § 1132(a)(3) can be stated against a non-fiduciary. *Harris Trust and Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed.2d 187 (2000). Accordingly, the Court concludes that Count IV does state a cause of action against the law firm.

The law firm also argues that Counts V and VI of the Amended Complaint are preempted by ERISA. The Court agrees. For a plaintiff to have a cause of action, it must either be a cause of action specifically included in ERISA itself (such as Count IV), or a state cause of action created by a law saved from preemption by the ERISA savings clause. *Gilbert v. Alta Health & Life Insurance Co.*, 276 F.3d 1292 (11th Cir.2001). ERISA supercedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). A state law claim will relate to an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). It is clear from the

allegations of the Amended Complaint that both the interference with contractual relations and the conversion counts have a connection with and relate to the ERISA plan. As such, these counts are preempted by ERISA.

Accordingly, it is now

**ORDERED:**

Defendants, Stuart E. Goldenberg's and Lichtblau & Goldenberg, P.A.'s Motion to Dismiss (Doc. #37), filed on August 29, 2001, is **GRANTED** as to Counts V and VI, which are dismissed with prejudice, and is **DENIED** as to Count IV.