81 So.2d 501 (1955)
Dugald McLEAN, Petitioner,
v.
Thomas J. MUNDY, Public National Insurance Co., Gables Plastering Co., Inc., Miami Plastering Co., Royal Indemnity Co., and the Florida Industrial Commission, Respondents.
Supreme Court of Florida. Division A.
June 22, 1955.
Rehearing Denied July 18, 1955.
*502 Lucille Snowden, Miami, for petitioner.
Truett & Watkins, Tallahassee, and Wm. R. Alvin, Miami, for Thomas J. Mundy.
Blackwell, Walker & Gray, W.L. Gray, Jr., and Clemen J. Ehrlich, Miami, for Gables Plastering Co., Inc., and Miami Plastering Co., and Royal Indemnity Co.
Burnis T. Coleman, Rodney Durrance and Patrick H. Mears, Tallahassee, for Florida Industrial Commission, respondent.
ROBERTS, Justice.
This is a workmen's compensation case which is making its second appearance before this court. In Mundy v. McLean, Fla., 72 So.2d 275, we reversed an award in claimant's favor against Mundy for compensation for an occupational disease on the ground that Mundy was not the employer "in whose employment the employee was last injuriously exposed to the hazards of such disease," Section 440.151(5), Fla. Stat. 1953, F.S.A. Our reversal was "without prejudice to the right of appellee [claimant] to pursue his remedies against the proper employer," but with the caveat that no opinion was expressed "concerning the effect of the lapse of time upon appellee's claim, since the question is not before us."
After the going down of the mandate of this court in the above-styled cause  which was some two and one-half years after the claimant was last injuriously exposed to the hazards of the disease  he filed an amendment to his original claim against Mundy by adding thereto the names of the two employers for whom he had worked after he left Mundy's employ. Both of these employers pleaded the two-year limitation period prescribed by Section 440.19, Fla. Stat. 1953, F.S.A., in bar of the claim, their plea was upheld by the Deputy Commissioner and the Full Commission, and this petition for certiorari filed by the claimant attacks the order of the Full Commission dismissing his claim. We can find no error in the order here reviewed.
The purpose of the limitations provision of workmen's compensation acts "is the same as that of any limitations statute: to protect the employer against claims too old to be successfully investigated and defended." Larson's Workmen's Compensation Law, Sec. 78.20, page 253. The fact that a claim is filed against Employer X does nothing to notify Employers Y and Z that they may be called upon to defend a claim for compensation, even though the claim is for the precise disability which forms the basis for the claim against Employer X. Until they are, in fact, charged with liability by the filing of a claim against them, the statute of limitations continues to run against such claim. This is the rule applied in ordinary legal proceedings as to adding or substituting new defendants (see the cases collected in the annotation in 8 A.L.R.2d beginning at page 112), and it appears to have been universally applied in proceedings for the determination of workmen's compensation *503 claims. See Didier v. Crescent Wharf & Warehouse Co., D.C.Cal. 1936, 15 F. Supp. 91, 93; Brown v. McMillan Material Co., Tex.Civ.App. 1937, 108 S.W.2d 914; Beach v. Union Gas & Electric Co., 1935, 130 Ohio St. 280, 199 N.E. 181; Sentinel News Co. v. Industrial Commission, 1937, 224 Wis. 355, 271 N.W. 413, 271 N.W. 819; Martensen v. Schutte Lumber Co., 1953, 236 Mo. App. 1084, 162 S.W.2d 312. The right of an employer to plead the statute of limitations in the quasi-judicial proceedings in which workmen's compensation claims are determined in this state is no less "substantive" than the right of a defendant to do so in an ordinary legal proceeding. "* * * the purpose of * * * workmen's compensation laws * * * is to provide * * * not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate." Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 575, 76 L.Ed. 1026. (Emphasis added.)
We have not overlooked the claimant's contention that the running of the limitations statute was tolled during the pendency of the appellate proceedings instituted by Mundy to attack the award in claimant's favor, which culminated in the order of reversal noted above. He relies on the rule cited in Davis v. Combination Awning & Shutter Co., Fla. 1953, 62 So.2d 742, that "Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." 54 C.J.S., Limitations of Actions, § 247.
This rule has no application in the circumstances here. The claimant could have named the two subsequent employers, as well as Mundy, as "parties defendant" in his original claim. Cf. Stuyvesant Corp. v. Waterhouse, Fla. 1954, 74 So.2d 554, a "loaned employee" case, in which both the regular and the "borrowing" employers were named in the original claim, and the question of liability was determined in a single proceeding. He could have brought them into the proceedings when it became apparent at the hearing that Mundy was controverting the claim on the ground that he was not the employer when the "last injurious exposure" occurred, so that the question of liability could be decided then and there. Instead, he chose to stand on the award in his favor against Mundy. The fact that this procedure may have deprived the Commission of jurisdiction to entertain a claim against the two subsequent employers during the pendency of Mundy's appeals cannot be used against such subsequent employers in an attempt to deprive them of their substantive right to plead the statute of limitations.
We have also considered the other contention made here by claimant, which is answered by what has been heretofore said and need not be discussed.
For the reasons stated, the petition for the writ of certiorari is denied.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.