Argued and submitted November 24, 1997, affirmed April 22, petition for review denied July 21, 1998 (327 Or 432)

In the Matter of the Compensation of
Doris A. Bailey, Claimant.

Doris A. BAILEY,
*Petitioner,*

*v.*

REYNOLDS METALS
and CIGNA Insurance Companies,
*Respondents.*

(WCB No. 95-04385; CA A96259)

959 P2d 84

Robert Wollheim argued the cause for petitioner. With him on the brief was Welch, Bruun, Green & Wollheim.

Montgomery W. Cobb argued the cause for respondents. With him on the brief was Cobb & Woodworth, LLP.

Before Riggs, Presiding Judge, and Deits, Chief Judge,* and Landau, Judge.

RIGGS, P. J.

---

* Deits, C. J., *vice* Leeson, J., resigned.

## RIGGS, P. J.

Claimant is a worker who was employed by Reynolds Metals (employer) in Arkansas in the 1970s and early 1980s, during which time she experienced several minor injuries to her back while operating a jackhammer. In 1984, claimant experienced a more serious injury that disabled her and ultimately required surgery at L5-S1 on the right. Claimant was laid off by employer in 1984 when no modified work could be found. She was rehired in 1989 and transferred to employer's plant in Troutdale, Oregon. In October 1989, claimant injured her neck, upper back, mid-back and shoulders while operating a jackhammer during the course of her employment with employer. She began a long course of treatment and had numerous diagnostic tests, none of which revealed any significant pathology. She was found to be medically stationary in June 1991 and enrolled in an authorized training program to become a computer medical secretary. That training led her to be hired by Kaiser Hospital in March 1992, where she worked at the time of the hearing.

Claimant's condition has been variously described as diffuse spinal strain, chronic strain and irritation. Her lumbar strain is superimposed on degenerative disc disease apparently related to the 1984 injury. Her claim against employer was closed in April 1992, with an award of time loss and 15 percent unscheduled permanent partial disability for loss of range of motion in the lumbosacral spine and nonmedical factors. An order on reconsideration increased claimant's award to 22 percent.

In January and February 1995, claimant sought treatment for a flare-up of back pain that came on suddenly while she was sitting at work and for pain in the left neck and left sciatic nerve that came on shortly thereafter. Dr. Johnson diagnosed muscle spasms. Cigna Insurance Companies (Cigna), employer's workers' compensation carrier, never had issued a formal written acceptance of claimant's 1989 injury and contended that the acceptance of the 1989 injury claim was limited to the lumbar strain and did not include the cervical or thoracic areas. In March 1995, it issued a denial of responsibility, a denial of an aggravation claim and a denial

of claimant's current condition for which she had filed a claim for medical services related to the cervical, thoracic and lumbar conditions. Employer's physician diagnosed claimant's condition as a continuation of symptoms that began with an injury in 1979. As such, employer asserted that claimant's injury "combined" with a "preexisting condition" as defined in ORS 656.005(24).[1] The administrative law judge (ALJ) found that employer had accepted a claim for cervical, thoracic and lumbar strain resulting from the 1989 incident and that employer's current condition denial should be set aside, as claimant met her burden of proof that her current condition and need for treatment are related to the accepted conditions.

The Workers' Compensation Board agreed with the ALJ that the scope of employer's acceptance of the 1989 claim included the cervical, thoracic and lumbar strains. Claimant conceded before the Board that, because she had a low back condition that preexisted her 1989 injury, the major contributing cause standard of ORS 656.005(7)(a)(B)[2] was applicable to determine the compensability of her current condition. The Board held that the major contributing cause standard set out in ORS 656.005(7)(a)(B) applied in determining the compensability of claimant's medical services claim for her current cervical, thoracic and low back conditions and that claimant had not met that burden.

■ Claimant seeks review of the Board's order, contending in her first assignment of error that the provisions of ORS chapter 656 requiring different treatment of workers who

---

[1] ORS 656.005(24) provides:

" 'Preexisting condition' means any injury, disease, congenital abnormality, personality disorder or similar condition that contributes or predisposes a worker to disability or need for treatment and that precedes the onset of an initial claim for an injury or occupational disease, or that precedes a claim for worsening pursuant to ORS 656.273."

[2] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

have preexisting conditions violate the Americans with Disabilities Act (ADA), 42 USC § 12112(a), which prohibits an employer from discriminating against an individual because of that person's disability.[3] Specifically, she asserts that the ADA preempts two sections of the Workers' Compensation Act, ORS 656.005(24) and ORS 656.005(7)(a)(B), which she contends treat less favorably injured workers with preexisting conditions. Claimant asserts that, because she has a preexisting condition, she is treated less favorably than injured workers who have no preexisting condition, because the two cited statutes require her to carry a greater burden of proof in order to obtain compensation for her current condition. We conclude that the ADA does not prohibit the distinction that claimant identifies.[4]

■ The ADA prohibits discrimination in the employment of otherwise qualified individuals when such discrimination is based on disabilities, real or perceived. 42 USC § 12112(a). The Act specifically prohibits discrimination in the terms, conditions, and privileges of employment. *Id.* An entitlement to workers' compensation insurance benefits has been held by one federal district court to be a "privilege of employment." *Harding v. Winn-Dixie Stores, Inc.,* 907 F Supp 386, 390 (MD Fla 1995).

■ The ADA does not require, however, that all disabled persons have *identical* access to benefits of employment or prohibit meaningful distinctions between different groups of disabled persons. *Traynor v. Turnage,* 485 US 535, 549, 108 S Ct 1372, 99 L Ed 2d 618 (1988); *Easley by Easley v. Snider,* 36

---

[3] For purposes of the ADA, the term "disability" is defined as

"(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;

"(B) a record of such impairment; or

"(C) being regarded as having such an impairment." 42 USC § 12102(2).

[4] To state a claim under the ADA, a person must show (1) that she is disabled as defined in the Act; (2) that she is qualified, with or without reasonable accommodation, to perform the essential functions of the job at issue; (3) that she was terminated or denied certain employment benefits, for which she was otherwise eligible; and (4) that such termination or denial of benefits was based on disability. 42 USC § 12112(a). Claimant is careful to point out that she does not bring a *claim, per se,* under the ADA. She seeks only to have its provisions enforced so as to preempt allegedly inconsistent Oregon law.

F3d 297 (3rd Cir 1994). It requires "meaningful access to benefits, with non-prejudicial treatment based upon reasonable factors." *Alexander v. Choate*, 469 US 287, 301, 105 S Ct 712, 83 L Ed 2d 661 (1985) (The Rehabilitation Act[5] does not guarantee handicapped persons equal benefits from Medicaid.). Federal courts have held that the ADA does not require that all disabled persons receive equal eligibility for workers' compensation benefits "regardless of differences in each persons' disability." *Harding*, 907 F Supp at 391; *Cramer v. State of Florida*, 885 F Supp 1545 (MD Fla 1995). The Supreme Court of Massachusetts adopted the same analysis in *Williams v. Secretary of the Exec. Office of Human Serv.*, 414 Mass 551, 609 NE2d 447 (1993), where it held that the ADA "is to address discrimination in relation to nondisabled persons, rather than to eliminate all differences in levels or proportions of resources allocated and services provided to individuals with differing types of disabilities[.]" 609 NE2d at 454.

 A person does not have a right to workers' compensation benefits under Oregon law merely because the person has been injured. The injury must be work related, *i.e.*, one arising out of and in the course of employment. ORS 656.005(7)(a). Pursuant to ORS 656.005(7)(a)(B), a worker whose injury combines with a preexisting condition to cause disability and a need for treatment must show that, of the multiple contributions to the disability and need for treatment, the job-related injury is the major contributing cause. In other words, the combined condition is work related if the work-related injury is its major contributing cause. Assuming for the moment that claimant's preexisting condition is a disability for purposes of the ADA so that she is a "qualified"

---

[5] The Rehabilitation Act predates the ADA and prohibits discrimination by institutions receiving federal funds. Federal courts interpreting the latter have held that Rehabilitation Act cases are authoritative guidance in interpreting the ADA. *Sawinski v. Bill Currie Ford, Inc.*, 866 F Supp 1383, 1386 (MD Fla 1994) held that legislative history of the ADA indicates that Congress intended that the terms and regulations issued under the ADA track those of the Rehabilitation Act of 1973, and citing the Interpretative Guidance on Title 1 of the ADA, wherein the United States Equal Employment Opportunity Commission (EEOC) states:

" 'The range of employment decisions covered by this nondiscrimination mandate is to be construed in a manner consistent with the regulations implementing section 504 of the Rehabilitation Act of 1973.' "

individual, *i.e.*, an individual with a disability,[6] we conclude that the more onerous burden of proof for workers with pre-existing conditions is not discrimination because of a disability and conclude, further, that claimant has meaningful access to workers' compensation benefits for her work-related injury.

The reason that claimant is treated differently from workers who do not have preexisting conditions is not because of her disability but because of the relationship between her preexisting condition, her on-the-job injury, and her current condition. When there are multiple potential causes of a condition or need for treatment, the assessment of the relative contributions of each is a reasonable means of determining the work-relatedness of the combined condition, and hence a basis for distinction in the treatment of injured workers. If the work injury is shown to be the major contributing cause, when compared with the preexisting condition and other nonwork-related causes, then the condition is compensable, and the worker's benefits are the same as those of workers without preexisting conditions. The different treatment of workers with preexisting conditions is a meaningful distinction based on reasonable factors.

Further, we conclude that claimant's access to workers' compensation benefits, *i.e.*, her ability to establish work relatedness, is comparable to that of individuals who have nonwork-related exposures that contribute to the condition

---

[6] The ADA protects "qualified" individuals with disabilities from employment discrimination based on that disability. An individual is "qualified" if she can perform the essential functions of the job, with or without reasonable accommodation. 42 USC §12111(8). A disability is any physical or mental impairment that substantially limits one or more of the major life activities of the individual. 42 USC § 12101(2). "Major life activities" are those basic to existence, such as sitting, standing, lifting and reading and the mental and emotional processes that make up daily life, such as thinking, concentrating and interacting with others. 29 CFR § 1630.2(i). A person's employment may be a major life activity. *Winnett v. City of Portland*, 118 Or App 437, 847 P2d 902 (1993). Despite the expansive definition of "disability," not all injuries or conditions that would be treated as "preexisting" for purposes of the workers' compensation law are disabilities under the ADA. Conditions may seriously affect a person's health but not substantially impair a major life activity. *See, e.g., Schultz v. Spraylat Corp.*, 866 F Supp 1535 (D Cal 1994) (sinus condition that prevents an employee from flying on business trips is not a disability for purposes of California's Fair Employment Housing Act, because it does not prevent him from participating in major life activities.).

for which compensation is sought. *See, e.g.*, ORS 656.005-(7)(a)(A) (injury that is the consequence of a compensable injury is not compensable unless the compensable injury is the major contributing cause of the consequential condition); ORS 656.273(1) (in context of an aggravation claim, "if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable"); ORS 656.802(2)(a) (claim for occupational disease must be established by evidence showing that employment conditions, as compared with nonwork conditions, were the major contributing cause of the disease); ORS 656.802(2)(b) (if a claim for occupational disease is based on the worsening of a preexisting disease or condition, the claimant must prove that work was the major contributing cause of the combined condition and pathological worsening of the disease).

■ We reject claimant's contention that the ADA preempts the two statutory provisions at issue. The ADA allows states to supplement, but not supplant, its provisions. 42 USC § 12201(b) provides:

"Nothing in this chapter shall be construed to invalidate or limit the remedies, rights or procedures of any * * * law * * * that provides greater or equal protection for the rights of individuals with disabilities than are provided by this chapter."

Relying on that provision, courts have held that workers' compensation systems provide benefits in addition to a worker's rights under the ADA. The ADA protects workers who are able to work from discrimination in the terms and conditions of employment. Workers' compensation benefits, in contrast, protect workers precisely when they are not protected by the ADA, *Harding,* 907 F Supp at 392; *Cramer,* 885 F Supp at 1553, *i.e.,* when they are unable to work because of disability. Thus, the provision of workers' compensation benefits to a worker who is disabled from work in part as a result of a preexisting condition complements, but does not supplant, the ADA. Different treatment of workers with preexisting conditions is not a source of conflict with the ADA, which does not relate to benefits for disabled workers. There

is no basis for preemption.[7] We reject without discussion claimant's remaining assignment of error.

Affirmed.

---

[7] We note that the ADA expressly does not prohibit insurers, underwriters, or providers of health care benefits from underwriting, classifying or administering risks in a manner consistent with state law. 42 USC § 12201(c)(1) - (2).