Argued and submitted April 22, affirmed June 3, 1998

In the Matter of the Compensation of
Barbara Brown, Claimant.

Barbara BROWN,
*Petitioner,*

*v.*

A-DEC, INC.,
and SAIF Corporation,
*Respondents.*

(96-04554; CA A98879)

961 P2d 280

Meagan Flynn argued the cause and filed the brief for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■    Claimant seeks review of an order of the Workers' Compensation Board affirming an administrative law judge's (ALJ) order holding that the symptoms and treatment of claimant's degenerative cervical condition are not compensable as an occupational disease. The medical record shows that claimant's cervical symptoms were brought on by her work as a dental parts assembler but that her current condition requiring treatment combines with a preexisting age-related degenerative disc condition also known as osteoarthritis or cervical spondylosis. The Board, in adopting the ALJ's order, ruled that claimant's cervical spine condition was a preexisting condition as defined in ORS 656.005(24) and that claimant could prove the compensability of her cervical symptoms only by satisfying the test set out in ORS 656.802(2)(b) and showing that her employment conditions were the major contributing cause of a pathological worsening of her underlying condition. We affirm.

ORS 656.802 provides, in part:

"(1)(a)   As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death * * *.

"* * * * *

"(2)(a)   The worker must prove that employment conditions were the major contributing cause of the disease.

"(b)   If the occupational disease claim is based on the worsening of a preexisting disease or condition pursuant to ORS 656.005(7), the worker must prove that employment conditions were the major contributing cause of the combined condition and pathological worsening of the disease.

"(c)   Occupational diseases shall be subject to all of the same limitations and exclusions as accidental injuries under ORS 656.005(7).

"* * * * *

"(e) Preexisting conditions shall be deemed causes in determining major contributing cause under this section."

Claimant does not contend that her underlying degenerative cervical condition was caused or worsened by her employment, and she apparently does not seek to have the underlying cervical condition accepted as an occupational disease. Rather, she contends that work activities caused her to experience cervical symptoms, which required her to seek medical care, and that those symptoms and their treatment are compensable as an occupational disease. Because claimant's claim is not precisely based on a worsening of a preexisting condition, she contends that the Board erred in applying the test for compensability set out in ORS 656.802(2)(b).

Even assuming that claimant is correct that the test set out in ORS 656.802(2)(b) is not the provision under which this claim should be analyzed, the Board nevertheless applied the correct standard of proof. It is conceded that claimant suffers from a degenerative cervical condition that contributes to her symptoms and need for treatment. ORS 656.802(2)(c) provides that the provisions of ORS 656.005(7) apply in determining the compensability of an occupational disease. Under ORS 656.005(7)(a)(B),

"[i]f an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Contrary to claimant's contention, we conclude that claimant's degenerative cervical condition is a "preexisting condition" for purposes of ORS 656.005(7)(a)(B). ORS 656.005(24) defines "preexisting condition" as

"any injury, disease, congenital abnormality, personality disorder or similar condition that contributes or predisposes a worker to disability or need for treatment and that precedes the onset of an initial claim for an injury or occupational disease, or that precedes a claim for worsening pursuant to ORS 656.273."

Claimant contends that, because her degenerative cervical condition is caused by the natural process of aging, it is a mere "physical change," much like gray hair or wrinkles, and not a "disease," *per se*. From a medical standpoint, however, the degenerative process in claimant's back, although a natural result of the aging process, is a "disease" as characterized by the doctors who examined claimant and as found by the ALJ. Further, there is no indication in ORS 656.005(24) that it was intended to exclude "naturally occurring" diseases. On the contrary, the statute speaks of "any" disease or "similar condition" that contributes or predisposes a worker to disability or a need for treatment. There is no question that claimant's degenerative cervical condition contributes or predisposes claimant to her need for treatment.

■ Claimant contends that the treatment of a condition brought on by aging as a preexisting condition for purposes of the Workers' Compensation Law is a violation of Article I, section 20, of the Oregon Constitution. That section provides:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Claimant contends she is a member of a class of people, older workers or workers with degenerative changes in the spine, who suffer disparate treatment from other workers who have preexisting nonage-related conditions. We reject that contention. Even if claimant is correct that she is a member of a class distinct from all injured workers who suffer from preexisting conditions, she has failed to establish that that class is treated differently.

■ Claimant's final argument is that the application of separate requirements to workers who have preexisting conditions conflicts with the Americans with Disabilities Act, 42 USC § 12102. We considered and rejected that contention in *Bailey v. Reynolds Metals*, 153 Or App 498, 959 P2d 84 (1998).

Affirmed.