Argued and submitted June 14, affirmed November 24, 1999

In the Matter of the Compensation of
John W. Wantowski, Claimant.

John W. WANTOWSKI,
*Petitioner,*

*v.*

CROWN CORK & SEAL,
Travelers Casualty & Surety Co.,
CIGNA Insurance Co.,
Continental Can Co.,
SIMS, Inc.,
and American Motorist Ins. Co.,
*Respondents.*

(97-10451, 97-05551, 97-08102, 97-06580; CA A103971)

991 P2d 574

Robert Pardington argued the cause for petitioner. On the brief were Nicholas M. Sencer and Pozzi Wilson Atchison, LLP.

Jerald P. Keene argued the cause and filed the brief for respondents Crown Cork & Seal and Travelers Casualty & Surety Co.

Vera Langer argued the cause for respondents Crown Cork & Seal and CIGNA Ins. Co. With her on the brief was Scheminske, Lyons & Bussman LLP.

Thaddeus J. Hettle argued the cause and filed the brief for respondents Continental Can Co. and SIMS, Inc.

Richard D. Barber argued the cause for respondents Continental Can Co. and American Motorist Ins. Co. With him on the brief was Sheridan, Bronstein & Levine, LLP.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant, a 64-year-old metal worker, seeks review of an order of the Workers' Compensation Board (Board) holding that his bilateral hearing loss is not compensable. We affirm.

We take the facts from the Board's unchallenged findings. Since 1964, claimant has worked for employer or its predecessor as a scroll shear operator. A scroll shear is a machine that cuts sheet metal and places the metal into a press to make cans and other metal objects. The work environment is loud.

Beginning in 1969, employer required all employees exposed to noise to wear ear protection. Claimant wore ear protection. In the early 1980s, however, he noticed that he had hearing loss. He first sought medical attention for hearing loss in 1997. At that time, he saw his family physician, who recommended a hearing aid. Claimant filed an occupational disease claim for bilateral hearing loss.

Dr. Hodgson, a consulting physician for one of employer's insurers, examined claimant. Hodgson concluded that age, chronic occupational noise, and cochlear Meniere's disease in the left ear all contributed to claimant's hearing loss, but that the major contributing cause was age-related hearing loss, or "presbycusis." Employer, through the various insurers who provided workers' compensation insurance coverage over the years of claimant's employment, denied the claim.

The Board upheld the denials. The Board found persuasive Hodgson's opinion that the major contributing cause of claimant's hearing loss was presbycusis. It rejected claimant's contention that he is required only to prove the major contributing cause of his hearing loss unrelated to age.

On review, claimant argues that the Board erred in taking into account his age-related hearing loss. In the alternative, he contends that taking into account his age-related hearing loss conflicts with Article I, section 10, of the Oregon Constitution; the Americans with Disabilities Act, 42 USC § 12102; and the Age Discrimination in Employment Act, 42

USC § 623(a). He also contends that the Board erred in failing to assign responsibility for his claim among employer's various insurers.

Claimant's hearing loss is treated as a disease under the workers' compensation statutes. Under ORS 656.802(2)(a), "[t]he worker must prove that employment conditions were the major contributing cause of the disease." Nothing in the statute expressly or implicitly limits the Board's authority to consider the effect of age-related causes in evaluating whether occupational conditions constitute the major cause of a disease.

We reached the same conclusion in a slightly different context in *Brown v. A-Dec, Inc.*, 154 Or App 244, 961 P2d 280 (1998). In that case, the Board upheld the denial of an occupational disease claim for certain cervical symptoms because the current condition had combined with a preexisting age-related degenerative cervical condition, and the age-related cervical condition was the major contributing cause of the condition. The claimant argued that her degenerative cervical condition could not properly be considered a preexisting condition, because, having been caused by the natural process of aging, it was not an "injury" or a "disease" that may be considered a preexisting condition within the statutory definition of the term. *See* ORS 656.005(24) (defining "preexisting condition" as "any injury, disease, congenital abnormality, personality disorder or similar condition that contributes or predisposes a worker to disability or need for treatment"). We rejected the argument, holding that nothing in the statute evinced an intention to exclude "naturally occurring" conditions from the meaning of the term "disease." *Brown*, 154 Or App at 248.

Claimant acknowledges *Brown*, but argues that it was incorrectly decided and urges us to reconsider it. We decline claimant's invitation and conclude that the Board did not err in considering his presbycusis in evaluating whether he had shown that employment exposure was the major contributing cause of his hearing loss.

As for claimant's alternative argument that such a conclusion runs afoul of the Oregon Constitution and various

federal statutes, we note that he failed to raise those arguments below. We further note that, in any event, we rejected similar arguments as to the state constitution and the Americans with Disabilities Act in *Bailey v. Reynolds Metals*, 153 Or App 498, 959 P2d 84, *rev den* 327 Or 432 (1998).

Because we affirm the Board's determination that claimant's hearing loss is not compensable, we do not address his contention that the Board erred in failing to assign responsibility for the claim.

Affirmed.