Argued and submitted October 30, affirmed December 11, 2002

In the Matter of the Compensation of
Bernard Lecangdam, Claimant.

Bernard LECANGDAM,
*Petitioner,*

*v.*

SAIF CORPORATION
and Jim Fisher Volvo,
*Respondents.*

00-00964; A115535

59 P3d 528

Donald Hooten argued the cause for petitioner. On the briefs were Matthew U'Ren, and Willner, Wren, Hill & U'Ren, LLP.

Jerome Patrick Larkin argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Claimant seeks judicial review of an order of the Workers' Compensation Board upholding SAIF's denial of compensation for claimant's hearing loss in his left ear. We affirm.

Claimant has worked as a mechanic for approximately 25 years. During that time, he has been exposed to noise from pneumatic air tools, tire-mounting equipment, and other loud noises in the workplace. In 1998 and 1999, he began having difficulty hearing, particularly in noisy environments.

In September 1999, claimant filed a workers' compensation claim for hearing loss in both ears and sought medical treatment for those conditions from Dr. Harvey. Later, audiologic testing revealed that claimant has a "mild to moderate, mid to high frequency sensorineural hearing loss in the right ear and mild to severe, mixed (largely conductive in the low frequencies) hearing loss in the left ear." According to Harvey, claimant's high frequency hearing loss was caused by his work exposure.

Dr. Hicks evaluated claimant's condition on behalf of the employer. Hicks concluded that claimant's high frequency hearing loss in both ears appeared to be work related, while the low frequency loss in the left ear appeared to be caused by a middle ear pathology. Hicks further opined that claimant has a 28.51 percent total hearing loss in the left ear composed of a 21.28 percent hearing loss caused by a non-work-related middle ear pathology, and a remaining 7.23 percent high frequency hearing loss caused by work exposure. According to Hicks, the middle ear pathology is the major contributing cause of claimant's hearing loss in his left ear. As a result of Hicks's opinion, SAIF accepted the claim for the hearing loss in the right ear but denied the claim for the left ear.

In March 2000, Harvey concurred with Hicks's report. He wrote a follow-up letter to the insurer in April 2000. In that letter, he noted that, although the low frequency hearing loss in claimant's left ear was not due to noise exposure at work and a hearing aid would help that hearing loss, he believed that SAIF should, nevertheless, pay for a

hearing aid for the high frequency hearing loss in the left ear. In July 2000, he also indicated that he agreed with a letter from claimant's counsel. That letter stated, in part, that, even if claimant did not have low frequency hearing loss in the left ear, he would still require a hearing aid and that it was more likely than not that claimant required a hearing aid for his left ear due to the work-related high frequency hearing loss. The letter characterized the high frequency loss as a disability and stated that the high frequency loss was caused, in major part, by work-related noise exposure.

Claimant requested a hearing regarding SAIF's denial of his claim for the left ear hearing loss. Following the hearing, the administrative law judge (ALJ) set aside the denial of compensation for claimant's hearing loss in his left ear. The ALJ separated the high frequency hearing loss from the low frequency loss and found that claimant had proved that "the employment conditions as an auto mechanic over the years were the major contributing cause of the *high frequency hearing loss* in his left ear and resultant need for medical treatment and a hearing aid." (Emphasis added.) He ordered SAIF to accept the claim for the high frequency loss.

On appeal, the board reversed the ALJ's order and reinstated SAIF's denial. Relying, in part, on this court's decision in *Wantowski v. Crown Cork & Seal*, 164 Or App 214, 991 P2d 574 (1999), the board ruled that:

"a claimant is not permitted to extract a portion of the disease (hearing loss) and claim that only that portion is caused in major part by work exposure. * * * [I]t is immaterial whether or not a 'combined' condition exists or whether non-industrial hearing loss is a separate process from hearing loss caused by industrial exposure. *Claimant must prove that work exposure was the major contributing cause of the entire hearing loss,* not just the industrially related portion."

(Emphasis added.) The board then found that the medical evidence established that the work-related noise exposure was not the major contributing cause of claimant's overall hearing loss. Accordingly, it determined that the claim was not compensable.

■　　　We review the board's legal conclusions for errors of law and its determinations on factual issues for substantial evidence. ORS 183.482(7), (8). On review, claimant argues that the board should have considered the high frequency hearing loss and the low frequency loss as separate diseases because they have separate causes. In determining whether the board's ruling was correct, we begin with the text and context of the relevant statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

ORS 656.802(2)(a) provides:

"The worker must prove that employment conditions were the major contributing cause of the disease."

ORS 656.802(1)(a) defines an occupational disease as

"any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death[.]"

The legislature did not include a definition of the term "disease" in the text of statute. *See Weyerhaeuser Co. v. Woda*, 166 Or App 73, 76-81, 998 P2d 226, *rev den*, 330 Or 361 (2000). However, the Supreme Court's prior construction of the statute is considered as part of the statute itself and the court has determined that "diseases" are conditions that occur gradually, rather than suddenly. *Mathel v. Josephine County*, 319 Or 235, 240, 875 P2d 457 (1994); *see also Weyerhaeuser Co.*, 166 Or App at 76-81 (explaining the development of the definition of the term "disease" in the case law). Thus, a hearing loss that develops over the course of time is treated as a disease for purposes of the workers' compensation law.[1]

The issue is whether claimant's hearing loss in his left ear is one disease or two diseases for purposes of the workers' compensation law. Claimant argues that because

---

[1] We came to the same conclusion in *Wantowski* where we reviewed the board's denial of a claim for hearing loss that had been gradual in onset. We said that a "hearing loss is treated as a disease under the workers' compensation statutes." 164 Or App at 218.

"Harvey stated that [claimant] would not require a hearing aid for his low frequency hearing loss in his left ear," then only the high frequency loss requires treatment and therefore is a disability or disease within the meaning of the law. It follows, according to claimant, that only part of the hearing loss should be considered as the occupational disease under the applicable statute. However, claimant conflates the alternative grounds for finding an occupational disease under ORS 656.802(1)(a). The statute requires that, in order for a condition to be an occupational disease, the condition must require medical treatment *or* result in disability. The fact that the low frequency loss does not require a hearing aid or treatment does not mean that it could not constitute a disability, as claimant appears to argue. On the contrary, any hearing loss is specifically listed as a disability under the workers' compensation law. *See* ORS 656.214(1)(b), (2)(f), (2)(g).[2] Because any "hearing loss" is considered a disability, it is likely that the legislature intended the entire hearing loss in a particular ear to constitute the "disability" under the workers' compensation law.

Thus, claimant's condition is an occupational disease within the meaning of the statute. The remainder of the statutory scheme regarding "preexisting condition" and "combined conditions" also supports the understanding that the "disease" is the overall hearing loss.[3] ORS 656.802(2) requires a worker to prove that the disease was caused in major part by employment conditions. By its terms, the statute acknowledges that diseases could be caused, in part, by noncompensable causes that combine with preexisting compensable causes to create a disease. The "disease" is compensable only if employment is its major contributing cause.

---

[2] ORS 652.214 was amended by Oregon Laws 2001, chapter 865, section 6. However, all text relevant to this opinion was unchanged.

[3] ORS 656.802(2)(c) states that occupational diseases are subject to the same limitations and exclusions as are set forth for accidental injuries under ORS 656.005(7). One of those limitations is that,

"[i]f an otherwise compensable injury combines at any time with a preexisting condition to *cause or prolong disability* or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is *the major contributing cause of the disability* of the combined condition or the major contributing cause of the need for treatment of the combined condition."

ORS 656.005(7)(a)(B) (emphasis added).

That understanding is at the heart of our holding in *Wantowski* that the board properly considered the effect of age-related causes in determining whether an occupational condition constituted the major cause of the claimant's hearing loss. If claimant's thesis is accepted, claimant's hearing loss could not be considered as the result of combined conditions but as two discrete disabilities. In the context of this case, however, a "disability" means the deprivation of the physical capacity to hear.[4] Claimant's proposed interpretation would appear to swallow up the need for ORS 656.802(2) because the compensable part of the hearing loss could be parsed out, leaving no need for a consideration of a combined or preexisting condition that resulted in hearing loss or of what was the major contributing cause of the hearing loss. For the above reasons, we conclude that the board was correct: the legislature intended that the "disease" in this case would be claimant's overall hearing loss in his left ear, and it was incumbent on him to show that the major contributing cause of his *overall* hearing loss was his work exposure.

■      As a factual matter, the board determined that the medical evidence presented in this case established that work exposure was not the major cause of claimant's hearing loss in his left ear. According to ORS 183.482(8)(c), "[s]ubstantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." In this case, there was substantial evidence to support the board's determination. Harvey and Hicks agreed that the hearing loss caused by claimant's middle ear pathology was the major cause of the overall hearing loss in his left ear. There was no medical testimony that contradicted that fact. Thus, a reasonable factfinder could determine that claimant had failed to prove that work-related exposure was the major contributing cause of his hearing loss in his left ear.

Affirmed.

---

[4] The ordinary meaning of the word "disability" includes a "physical or mental illness, injury, or condition that incapacitates in any way." *Webster's Third New Int'l Dictionary* 642 (unabridged ed 1993).