Submitted January 17, affirmed February 29, petition for review denied May 31, 2012 (352 Or 76)

In the Matter of the Compensation of
David L. Brumage, Claimant.

David L. BRUMAGE,
*Petitioner,*

*v.*

ESCO CORPORATION,
*Respondent.*

Workers' Compensation Board
0906892; A147564

273 P3d 311

Bennett P. Dalton, James T. Guinn, and Guinn & Munns filed the briefs for petitioner.

Deborah L. Sather, Jeana Wines, and Sather, Byerly & Holloway, LLP, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

This workers' compensation case involves a hearing loss claim by a claimant who has worked for the same employer since 1968. It is undisputed that from 1968 through 1994, claimant was exposed to noise at work that was the major contributing cause of his hearing loss up until 1994. Then, in 1994, claimant began to do different work for employer that did not involve noise exposure or cause any further hearing loss. Claimant's hearing continued to deteriorate, however, due to age-related presbycusis. It is undisputed that claimant's work after 1994 did not contribute to his overall hearing loss. It is also undisputed that the work as a whole, including the period from 1968 to 1994, is not the major contributing cause of claimant's overall hearing loss.

Claimant filed a claim in 2009, seeking compensation for his hearing loss as an occupational disease for the discrete period of 1968 to 1994, during which time it is undisputed that the employment conditions were the major contributing cause of claimant's hearing loss. Employer denied the claim, and an administrative law judge and the board rejected claimant's attempt to establish an occupational disease for that discrete period of time. Citing our opinions in *Wantowski v. Crown Cork & Seal*, 164 Or App 214, 991 P2d 574 (1999), and *Lecangdam v. SAIF*, 185 Or App 276, 59 P3d 528 (2002), and its own order in *Quentin Dodge*, 56 Van Natta 1003 (2004), *aff'd without opinion*, 199 Or App 417, 112 P3d 1203 (2005), the board reasoned that hearing loss is compensable as an occupational disease only if the work is the major contributing cause of the claimant's entire present hearing loss—the "overall disease." Claimant seeks review.

On review, claimant argues, essentially, that his present level of hearing loss is not his "disease," as he has chosen to define it. Rather, he asserts the compensability of his hearing loss only as to that portion of the disease that existed as of 1994, at the conclusion of the "compensable period." He argues, in essence, that a claimant should be free to select a period of time for which the claimant's disease is to be evaluated for compensability. Claimant's view is inconsistent with our holdings in *Wantowski* and *Lecangdam*, both of

which also dealt with hearing loss. *Wantowski* is close to this case on its facts. There, as here, the claimant suffered from both work-related hearing loss and presbycusis, and filed a workers' compensation claim. The board determined that the major contributing cause of the claimant's total hearing loss was presbycusis. The claimant contended that he was required to prove only the major contributing cause of his hearing loss unrelated to age. We rejected the contention, concluding that nothing in the statutes evinced an intention to exclude "naturally occurring" conditions from the meaning of the term "disease," and that, in order to establish a compensable occupational disease for hearing loss, a claimant must establish that the work was the major contributing cause of the total hearing loss, including presbycusis. 164 Or App at 218.

In *Lecangdam*, the claimant attempted to segregate out for compensability his high-frequency hearing loss, which the medical evidence showed was caused by his work exposure. But the claimant also had mid-range hearing loss that was not work-related. We rejected the claimant's contention that the high- and mid-frequency hearing losses could be divided into separate diseases. Citing our opinion in *Wantowski*, we held that the claimant's overall hearing loss, not just his work-related hearing loss, must be considered in determining whether the claimant's disease was caused in major part by the employment conditions. 185 Or App at 281-82.

Claimant does not seriously attempt to distinguish *Wantowski*, but attempts to distinguish *Lecangdam* by contending that there is no effort in this case to segregate claimant's hearing loss into low and high frequency, as there was in that case. But that distinction does not make a difference. *Lecangdam* stated clearly that, when a claim is for hearing loss, the disease is the overall hearing loss. 185 Or App at 281. In order to establish the compensability of hearing loss as an occupational disease under ORS 656.802(2), the worker must establish that the work is the major contributing cause of the worker's overall hearing loss. As we explained in *Lecangdam*,

"ORS 656.802(2) requires a worker to prove that the disease was caused in major part by employment conditions. By its terms, the statute acknowledges that diseases could be caused, in part, by noncompensable causes that combine with preexisting compensable causes to create a disease. The 'disease' is compensable only if employment is its major contributing cause. That understanding is at the heart of our holding in *Wantowski* that the board properly considered the effect of age-related causes in determining whether an occupational condition constituted the major cause of the claimant's hearing loss. If claimant's thesis is accepted, claimant's hearing loss could not be considered as the result of combined conditions but as two discrete disabilities. In the context of this case, however, 'disability' means the deprivation of the physical capacity to hear. Claimant's proposed interpretation would appear to swallow up the need for ORS 656.802(2) because the compensable part of the hearing loss could be parsed out, leaving no need for a consideration of a combined or preexisting condition that resulted in hearing loss or of what was the major contributing cause of the hearing loss."

185 Or App at 281-82. Thus, in *Lecangdam*, we rejected the thesis that a claimant could tactically select a portion of a disease for evaluation as to compensability, because that would "swallow up" the major contributing cause test for determining the compensability of the claim. Here, claimant's suggested analysis, allowing a claimant to select a discrete period of time during which the compensability of hearing loss is to be evaluated, suffers the same shortcoming. For the purpose of evaluating claimant's hearing loss claim, claimant's disease is the total hearing loss that he suffered at the time he filed his claim. We adhere to our reasoning in *Lecangdam* and affirm the board.

Affirmed.